UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEAN J. GROULX, ESQ., a Michigan )
citizen, and LAW OFFICES OF )
DEAN J. GROULX, P.C., a Michigan )
professional corporation, )
 )
      Plaintiffs, )
 )
v. )
 )
DAVID MacDONALD, a Prince Edward )
Island Canada citizen, CONFEDERATION )
TECHNOLIGIES INC., a Price Edward Island )
Canada corporation, and CONFEDERATION )
HOLDINGS INC., a Price Edward Island )
Canada corporation, jointly and severally, )
 )
      Defendants. )

## **COMPLAINT**

      Plaintiffs, Dean J. Groulx, Esq. and Law Offices of Dean J. Groulx, P.C. (collectively referred to herein as "Law Firm"), by and through their attorneys, Paul L. Nine & Associates, P.C, for their Complaint, allege:

### **THE PARTIES, JURISDICTION, AND VENUE**

      1.      Dean J. Groulx, Esq. is a Michigan citizen who resides and whose place of business is in Oakland County, Michigan. Mr. Groulx is an attorney, in good standing, licensed to practice law in the State of Michigan.

      2.      Law Offices of Dean J. Groulx, P.C. is a Michigan professional corporation whose principal place of business is located in Oakland County, Michigan. Mr. Groulx is the sole-shareholder of Law Offices of Dean J. Groulx, P.C.

3. David MacDonald is, upon information and belief, a citizen of Prince Edward Island, Canada. Mr. MacDonald has conducted business in connection with this dispute in this Judicial District, including Oakland and Lapeer Counties.

4. Confederation Technologies, Inc. ("CTI") is, upon information and belief, a corporation formed and organized under the laws of Prince Edward Island, Canada. Mr. MacDonald is, upon information and belief, the president of CTI. CTI has conducted business in connection with this dispute in this Judicial District, including Oakland and Lapeer Counties.

5. Confederation Holdings, Inc. ("CHI") is, is, upon information and belief, a corporation formed and organized under the laws of Prince Edward Island, Canada. Mr. MacDonald is, upon information and belief, the president of CHI. CHI has conducted business in connection with this dispute in this Judicial District, including Oakland and Lapeer Counties.

6. This Court has jurisdiction over the parties pursuant to, *inter alia*, MCL §§ 600.701, 600.705, 600.711, and 600.715.

7. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of the State of Michigan and the citizens or subjects of Prince Edward Island, Canada.

8. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that is the subject of this action is located in this Judicial District.

9. The matter in controversy exceeds the sum or value of $75,000.00.

## BACKGROUND ALLEGATIONS

10. David MacDonald, individually and in his capacity as president of CTI and CHI, hired the Law Firm to perform legal services for him and his corporations in the State of Michigan, including in Oakland and Lapeer Counties.

11. The Law Firm performed substantial legal services for Mr. MacDonald, CTI, and CHI. These services relate to and include, but are not limited to:

- a. Legal documents related to an industrial hemp dryer operation in Lapeer, Michigan, including drafting a promissory note, a loan and security agreement, an equipment lease agreement, and tolling and split processing agreements with growers;

- b. Forming and organizing limited liability companies in the State of Michigan for industrial hemp drying, extraction, processing, and manufacturing operations in the State of Michigan, including THC Partners, LLC; THC Real Estate Holdings, LLC; 8055 Angell Road Real Estate Holdings, LLC; 2033 Real Estate Holdings, LLC; Confederation Holdings USA, LLC; Michigan Hemp Processing LLC or North American Processing LLC, as well as drafting partnership and operating agreements for THC Partners, LLC. These limited liability companies would be based or operate, at least in part, in Oakland County, Michigan;

- c. The proposed acquisition of a cherry brine plant at 8055 Angell Road in Williamsburg Michigan, to be converted into one of, if not, the largest industrial hemp processing and extraction facilities in North America, including negotiating, drafting, and executing a purchase and sale agreement and performing or overseeing all due diligence in connection

3

|   |   |
|---|---|
|   | with the acquisition, including Phase I Environmental Site Assessment and a Baseline Environmental Assessment; an appraisal; zoning; and inspections of the land, buildings, and improvements; |
| d. | The proposed acquisition of the assets of Total Health Companies, LLC, a Michigan limited liability company, located in Auburn Hills, Michigan, including drafting an asset purchase and sale agreement, a bill of sale, conditional release of claims and waiver of liens, employment agreements, non-disclosure and non-competition agreement, and inventions and discovery agreements; |
| e. | The proposed acquisition of the commercial building at 2333 Commercial Drive in Auburn Hills, Michigan, to be used as an industrial hemp manufacturing facility, including drafting a purchase and sale agreement; |
| f. | A long-term relationship with a farmers' cooperative represented by Hemp Land Acquisitions, LLC, a Michigan limited liability company, based in Traverse City, Michigan, including, negotiating and structuring the relationship, and drafting and executing a split processing agreement with Hemp Land Acquisitions, LLC, and reviewing agreements between Hemp land Acquisitions, LLC and prospective growers; |
| g. | A long term seed supply relationship with Hempire Seed, LLC, an Idaho limited liability company, to service the contract with Hemp Land Acquisitions, LLC; and a processing relationship with High Voltage Hemp, LLC, an Idaho limited liability company, in connection with the |

establishment and operation of an industrial hemp processing and extraction facility in Ontario, Oregon.

12. For its services, Mr. MacDonald, on behalf of himself and on behalf of CTI and CHI, agreed to pay the Law Firm a flat-fee of $100,000.00 and all related costs, including outstanding invoices from ATC Group Services, LLC to perform the Phase I Environmental Site Assessment and prepare the Baseline Environmental Assessment, totaling $6,500.00; R Whiting Associates to perform an appraisal, totaling $2,250.00; and Tim Gordon, general contractor, to inspect the physical buildings, totaling $3,500.00, in connection with the proposed acquisition of the cherry brine plant at 8055 Angell Road, Williamsburg, Michigan..

13. On Monday, January 17, 2020, Mr. MacDonald refused to pay the $100,000.00 agreed upon fee to the Law Firm or the related costs and denied that he or CTI and CHI had agreed to pay the Law Firm for its services.

14. The Law Firm held $25,956.38 in its IOLTA account for Mr. MacDonald. The Law Firm is transferring these funds to the IOLTA account of the Law Firm's legal counsel of record in this action, pending resolution of the fee dispute between the parties, pursuant to Michigan Rule of Professional Conduct 1.16(d) and State Bar Michigan Ethics Opinion R-7.

## COUNT I – BREACH OF CONTRACT

15. Law Firm incorporates by reference paragraphs 1 through 14 of this Complaint.

16. The defendants entered into an agreement to hire the Law Firm to perform legal services on their collective behalf and agreed to pay a flat-fee of $100,000.00 to the Law Firm for its services and fees related to the outside professional hired by Law Firm to perform due diligence in connection with the defendants' proposed acquisition of the cherry brine plant at 8055 Angell Road, Williamsburg, Michigan.

17. The defendants have breached their agreement with the Law Firm by failing and/or refusing to pay the agreed upon sum of $100,000.00 to the Law Firm or the $12,500.00 due and owing to outside professionals.

18. As a direct and proximate result of the defendants' breach of their agreement with the Law Firm, the Law Firm has suffered damages in the amount of $100,000.00, plus $12,500.00 in fees due and owing outside professional hired by Law Firm to perform due diligence for the defendants. The sums held in escrow should be released to the Law Firm and applied against the professional fees due and owing the Law Firm and the outside professionals.

WHEREFORE, Law Firm respectfully requests judgment in the amount of $112,500.00 against David MacDonald, Confederation Technologies, Inc., and Confederation Holdings, Inc., jointly and severally, along with statutory interest and taxable costs, with all sums held in escrow released to the Law Firm and applied against the amounts owed the Law Firm and the outside professionals.

## COUNT II – QUANTUM MERUIT

19. Law Firm incorporates by reference paragraphs 1 through 18 of this Complaint.

20. The defendants have received a benefit from the Law Firm related to the legal services in performed for the defendants.

21. It would be inequitable to permit the defendants to retain the benefit of the Law Firm's legal services without requiring the defendants to pay for such services.

22. The defendants have been unjustly or inequitably enriched at the Law Firm's expense.

23. The Law Firm is entitled to the value of its legal services and the professional services performed by outside professionals at Law Firm's request for the defendants' benefit. The

value of these services total $162,500.00. The sums held in escrow should be released to the Law Firm and applied against the professional fees due and owing the Law Firm and the outside professionals.

WHEREFORE, Law Firm respectfully requests judgment in the amount of $162,500.00 against David MacDonald, Confederation Technologies, Inc., and Confederation Holdings, Inc., jointly and severally, along with statutory interest and taxable costs, with all sums held in escrow released to the Law Firm and applied against the amounts owed the Law Firm and the outside professionals.

## COUNT III – FRAUD AND MISREPRESENTATION

24. Law Firm incorporates by reference paragraphs 1 through 23 of this Complaint.

25. At various times from September 15, 2019, through February 17, 2020, David MacDonald, individually and in his capacity as president of CTI and CHI, made material representations to Dean Groulx and others, verbally and in writing, about the CTI business opportunity in North America. For instance:

   (a.) In a letter of intent, dated September 15, 2019, between CTI and Total Health Companies, LLC, a copy of which is in the defendants' possession, and at various times thereafter, Mr. MacDonald represented to Mr. Groulx and others that:

   (i) CTI owned, or had acquired, state-of-art, large capacity $CO^2$ extraction equipment and technologies, certified for use in the United States, capable of extracting and processing industrial hemp in quantities sufficient to meet the anticipated needs, immediate and

        future, for the facilities and the business opportunity outlined by Mr. MacDonald;

(ii.) CTI required, at a minimum, 6,000-acres of arable farmland, managed by experienced farmers and harvesters, in order to secure supply agreements for sufficient biomass (industrial hemp) to fill CTI's actual and anticipated purchase orders for "crude oil," isolate, and distillate in CY 2020;

(iii.) CTI required a facility, at a minimum of 30,000 square feet, in northern Michigan, within a 1-to-2 hour radius of cultivation supply sources (industrial hemp farmers) in Michigan, to produce sufficient quantities of "crude" to meet its actual and anticipated purchase orders for hemp oil, isolates, and distillates in CY 2020.

(b.) CTI had cash "on hand" to complete its acquisitions of Total Health Companies' assets; the commercial building located at 2333 Commercial Drive, Auburn Hills, Michigan; the cherry brine plant located at 8055 Angell Road, Auburn Hills, Michigan, and to complete the buildout of both commercial buildings in order to convert them into one of, if not, the largest industrial hemp extraction and processing plants and manufacturing facilities in North America "for cash," with no mortgage or financial contingencies of any kind or nature;

(c.) David MacDonald directed and authorized the Law Firm to prepare, present, and execute a Purchase and Sale Agreement, dated December 11, 2019, between North Pointe Farms, LLC and THC Real Estate Holdings,

        LLC regarding the purchase of the cherry brine plant at 8055 Angell Road, Williamsburg, Michigan, for $1,300,000.00 for "cash" with no mortgage or any other financial contingencies. The defendants are in possession of the drafts and the final, executed copy of the purchase and sale agreement.

(d.) David MacDonald directed and authorized the Law Firm to prepare and present a Purchase and Sale Agreement, dated February 5, 2020, between Craig Yosin and Cynthia Yosin and 2333 Commercial Drive Real Estate Holdings, LLC for $2,200,000.00 for "cash" with no mortgages or other financial contingencies. The defendants are in possession of the drafts and the executed copy of the purchase and sale agreement from Mr. and Mrs. Yosin.

(e.) David MacDonald directed and authorized the Law Firm to prepare and present an Asset Purchase and Sale Agreement on January 31, 2020, between Total Health Companies, LLC and Total Health Companies Holdings USA, LLC for roughly $1,030,000.00 for "cash" with no mortgage or other financial contingencies.

26. These representations were false. At the time David MacDonald, individually and in his capacity as president of CTI and CHI, made these representations to Dean Groulx and others, he knew these representations were false, or made them recklessly, without knowledge of their truth and as a positive assertion. For instance:

(a.) CTI did not, and does not, have sufficient cash on hand to complete its acquisition of Total Health Companies' assets, the commercial building at 2333 Commercial Drive, Auburn Hills, Michigan, or the cherry brine plant

at 8055 Angell Road, Williamsburg, Michigan, or to complete the buildout for these buildings or the purchase and contribution of extraction and processing equipment, all of which totaling more than US $30,000,000.00.

(b.) CTI has been engaging in an illegal and fraudulent offering in the United States and Canada to raise as much as US $50,000,000.00 from prospective investors on the false representation that it has already acquired Total Health Companies' assets and the commercial properties at 233 Commercial Drive in Auburn Hills, and at 8055 Angell Road, Williamsburg, Michigan;

(c.) CTI did not, and does not, own large capacity $CO^2$ extraction equipment capable of meeting anticipated and projected capacity at the processing and extraction plant and the manufacturing facility. On February 17, 2020, David Campbell, of Advanced Extraction Technology, Inc., in Prince Edward Island, Canada, represented to Mr. Groulx and others that Mr. MacDonald, on behalf of CTI, had placed a purchase order for extraction and processing equipment from Advanced Extraction more than 10-months ago but had not paid "a red cent" towards the purchase of the equipment. Mr. Campbell also represented that Mr. MacDonald had previously informed him that CTI had already acquired Total Health Companies' assets and the commercial building at 2333 Commercial Drive, Auburn Hills, Michigan, which was false. As of February 17, 2020, the defendants not only had not acquired Total Health Companies' assets or the commercial building at 2333 Commercial Drive, Auburn Hills, Michigan, but also had

   not even finalized or executed purchase agreements in connection with the assets or building.

(d.) CTI did not, and does not, have distribution channels to sell crude oil or isolate or distillate despite Mr. MacDonald's representation that CTI needed to "secure" a minimum of 6,000-acres of biomass to meet its anticipated and projected needs for CY 2020. Mr. Groulx negotiated and secured a split processing agreement with Hemp Land Acquisitions, LLC for as much as 12,000-acres of biomass in Michigan but after the contract was executed, Mr. MacDonald informed Steve Gordon, a member of Hemp Land Acquisitions, LLC, on February 17, 2020, that he would not, and could not, guarantee the purchase of biomass from HLA's growers because he did not have distribution, or purchase orders, for crude oil, isolate, or distillate for CY 2020.

(e.) David MacDonald, individually and in his capacity as president of CTI and CHI, falsely represented that CTI and its related holdings had, or would have, a market value of more than $350,000,000.00 by 2023 based on his business plan, pursuant to a Valuation of Business Interests of Confederation Technologies, Inc., prepared by MRSB and dated January 8, 2020, and forwarded by Mr. MacDonald to Mr. Groulx, via e-mail, on January 14, 2020. The defendants are in possession of MRSB's valuation report. Mr. MacDonald did not disclose to Mr. Groulx that Mr. MacDonald had hidden from MRSB, the private consulting firm that he had hired to prepare the valuation report, that CTI had not acquired Total Health

> Companies' assets or the commercial building at 2333 Commercial Drive, Auburn Hills, Michigan, or that CTI and its subsidiaries had not finalized an agreement to secure biomass from Hemp land Acquisitions, LLC, or that it did not own extraction or processing equipment valued at US $20,000,000.00 at that time, nor that CTI did not have the wherewithal to complete the acquisitions or the distribution channels necessary to come anywhere close to achieving the revenue projections.

66. David MacDonald, individually and in his capacity as president of CTI and CHI, had no intention, at the time he made the representations to Mr. Groulx and others, to fulfill the representations or promises to Mr. Groulx and others.

67. David MacDonald, individually and in his capacity as president of CTI and CHI, made the representations to Mr. Groulx and others with the intention that Mr. Groulx would rely upon them. Mr. Groulx relied to his detriment on the truthfulness and completeness of the representations. Mr. MacDonald, individually and in his capacity as president of CTI and CHI, induced Mr. Groulx to perform legal services for the defendants, based on these representations and on the false promise that Mr. Groulx would serve as president of U.S. operations for CTI and CHI, plus 20% of the equity in CTI and its consolidated holdings and subsidiaries, valued, according to Mr. MacDonald, at upwards of $300,000,000.00.

68. David MacDonald used CTI and CHI as fraudulent instrumentalities. CTI and CHI are mere alter-egos of David MacDonald.

69. As a direct and proximate result of the defendants' actions and omissions, Dean Groulx and Law Offices of Dean J. Groulx, P.C. suffered direct, consequential, compensatory, and special damages, for which the defendants are jointly and severally liable.

WHEREFORE, Law Firm respectfully requests judgment in the amount of $60,000,000.00 against David MacDonald, Confederation Technologies, Inc., and Confederation Holdings, Inc., jointly and severally, along with statutory interest and taxable costs, with all sums held in escrow released to the Law Firm and applied against the amounts owed the Law Firm and the outside professionals.

Respectfully submitted,

/s/ Paul L. Nine
Paul L. Nine (P18307)
Paul L. Nine & Associates, P.C.
100 W. Long Lake Road, Suite 102
Bloomfield Hills, MI 48304-2773
(248) 644-5500
office@paullninepc.com
Attorneys for Plaintiffs